Cook, J.,
delivered the opinion of the Court.
This is a writ of error, prosecuted to reverse the judgment of the Circuit Court of "St. Louis county in an action of debt instituted by the plaintiff, Riddick, as Chairman of the Board of Trustees of the Town of St. Louis, on a bond executed by said defendants to said Chairman. To which the defendants plead, that said Riddick and others, trusteees of said town, fraudulently represented that they had legal right to lease a certain ferry j and that said Riddick, as Chairman of the Board of Trustees, was authorized to make and execute such lease; and that said bond was executed in consideration of a lease so made by said Chairman to the defendant, Amelin. To this plea the plaintiff replied:- — -The act of the Territoral Legislature, authorising the incorporation of towns ; the order of the Court of St. Louis county, incorporating the town of St. Louis; the act of said Legislature authorising said corporation to license and regulate ferries therein, and the ordinance of said corporation authorizing the Chairman thereof to let and license such femes. To which replication the defendants agreed to demur generally, and except to the legal force and effect of the statute authorizing the incorporation of towns, and to the right of said Trustees to have of, and from any person licensed to keep a ferry in said town, more than one hundred dollars for such license. In support of the first point, it is insisted by the defendants, that nothing short of sovereign power can create a corporation; that the *9 Territorial Legislature was not sovereign, and hence draw the conclusion, that the act of that Legislature had not the force and effect of a law. That the power which creates a corporation must he sovereign as to that matter, is a principle which seems to be well settled; but sovereignty may be either general or limited, absolute or con-trolable. If this be not true, sovereignty could exist no where but with the original power of making laws, which alone is absolute. The power to legislate on any subject is sovereign, as to that matter, and to general sovereignty is incident the power of general legislation. It remains, then, only to ascertain the power of the Territorial Legislature, under the act of Congress creating that body, and vesting it with legislative powers. It seems to be admitted that Congress possessed the power of legislating for the Territory, with no other limitation than such as were imposed by the Federal Constitution; and it has not been denied that the establishment of the Territoria. Government with legislative powers, was a constitutional excrc;se of the powers o. Congress. If Congress could impart to the Territorial Legislature, a power to legis-' late on any subject in relation to the government of the people of the Territory, that power might, by the same authority, he made as general as the legislative powers of Congress over such Territory; and that Congress intended to vest the Territorial Legislature with general powers, for the government of the inhabitants thereof, is manifest. The terms of the provision being general, with a restrictive proviso, that no law should be passed, inconsistent with the Constitution of the United States.
The Territorial Legislature, then, had power to make all laws which they might deem conducive to the good government of the inhabitants of said Territory, and the right being reserved by Congress to disapprove, and thereby revoke any law passed by said legislature, does not render the power of such Legislature less sovereign in relation to one subject of their legislation than another; it is sovereign as to all, subject to the control of Congress. On the second part, it was contended by the plaintiff’s counsel, that the corporation was not limited by law as to the sum which they may demand for ferry license within the limits of their corporation, and if they are, the defendants having executed their bond to the Chairman, cannot avoid it by shewing that it was given for the payment of a sum which the Trustees had no right to demand.
The 4th section of the act extending certain powers to said Trustees, (acts of 1814 — ’15,) provides that said Trustees shall have full power to license and regulate ferries established within their limits, and to apply the license money to the use of the town. Here, the Court see no other power vested in the Trustees, than such as had been given by law to the Courts of the several counties on that subject. On 1he last point, the Court cannot see the propriety of the reasoning why this is assimilated to an individual transaction, not regulated by special enactment. It is the statute which authorizes the Trustees to license and regulate ferries within their limits. The terms of such license and manner of such regulations were prescribed by law, and not left to the discretion of, the Trustees who were to exercise those powers. It is the opinion of the Court, that the Trustees were not authorized by law to demand, or exact of any person, more than one hundred dollars for any such license, and that any obligation or promise for the payment of a greater sum for such license, is void, and not obligatory on the party making it. It is, therefore, considered and adjudged,, that the said judgment of the Circuit Court of the county of St. Louis be affirmed, *10 and that the said defendants recover of the said Thomas F. Riddick, Chairman as aforesaid, their costs by them about their defence of this writ of error expended, &c.